**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

PRIME PROPERTY AND CASUALTY
INSURANCE INC.,
     Plaintiff,

v.                                            2:25-cv-415-SPC-NPM

ADRIAN FLORES and BRANDON ZAVALA,
     Defendants.

---

## REPORT AND RECOMMENDATION

Plaintiff Prime Property and Casualty Insurance Inc. initiated this action against defendants Oakes Farms, Inc., Fruit Dynamics, LLC, Oakes Farms Transportation (collectively "Oakes Farms Defendants"), Adrian Flores, and Brandon Zavala, seeking declaratory relief arising out of an insurance dispute related to an automobile accident and resulting state court litigation. (Doc. 22). On February 28, 2024, there was an automobile accident in Lee County, Florida, involving vehicles operated by Flores and Zavala. Thereafter, Zavala filed suit in state court against Oakes Farms, Inc. and Flores, alleging that he suffered bodily injury resulting from Flores's negligent operation of a vehicle owned by Oakes Farms ("underlying lawsuit"). (Doc. 22-1). Having issued a commercial automobile policy to the Oakes Farms Defendants, which was in effect at the time of the accident, Prime now seeks a declaratory judgment that it has no duty to defend or indemnify the Oakes Farms Defendants or Flores in the underlying lawsuit.

On July 31, 2025, Prime and the Oakes Farms Defendants stipulated and agreed that the Oakes Farms Defendants would be bound by any order entered by this court regarding Prime's duty to defend and indemnify the Oakes Farms Defendants or Flores for any claims arising from the February 28, 2024 accident. (Doc. 26). Subsequently, the Oakes Farms Defendants were dismissed without prejudice from this case. (Docs. 27, 28). Therefore, Flores and Zavala are the only two remaining defendants in this action. However, because they failed to answer or otherwise defend after proper service, the clerk entered a default against them. (Docs. 29, 30). Now, Prime is moving for a default judgment against Flores and Zavala. (Doc. 31). Neither defendant has responded to Prime's motion, and the response time has elapsed. For the reasons discussed below, the motion should be **granted**.

## I.    Legal Standard

When a defendant has failed to plead or defend, a district court may enter judgment by default. Fed. R. Civ. P. 55(b)(2). "Because of our strong policy of determining cases on their merits, … default judgments are generally disfavored." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-1245 (11th Cir. 2015). So, "there must be strict compliance with the legal prerequisites establishing the court's power to render the judgment." *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada*, 674 F.2d 1365, 1369 (11th Cir. 1982). Therefore, the court must

first review subject-matter jurisdiction, personal jurisdiction, service of process, and whether the complaint states a claim upon which relief may be granted before entering judgment. *See Winfield Sols., LLC v. DeAngelo Bros., LLC*, No. 3:21-cv-1280-BJD-LLL, 2022 WL 3136840, \*1 (M.D. Fla. July 1, 2022), *report and recommendation adopted*, 2022 WL 3646084 (Aug. 8, 2022).

"[D]efault judgments are appropriate in declaratory judgment actions relating to insurance coverage." *Scottsdale Indem. Co. v. Fior*, No. 2:21-cv-36-JLB-NPM, 2022 WL 17457516, \*2 (M.D. Fla. Aug. 29, 2022) (citation omitted). But entry of default judgment is warranted only when there is a sufficient basis in the pleadings for judgment to be entered. *Surtain*, 789 F.3d at 1245. When evaluating the sufficiency of the alleged facts, a court looks to whether the complaint contains sufficient factual matter that, when accepted as true, states a claim for relief that is plausible on its face. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## II.    Analysis

In terms of subject-matter jurisdiction over the action, Prime sufficiently alleges diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Prime is a citizen of Illinois and Utah (Doc. 22 ¶ 3), defendants are citizens of Florida (*Id.* at ¶¶ 9, 10), and the amount in controversy exceeds $75,000. *Id.* at ¶ 2. Personal jurisdiction over defendants Flores and Zavala[1] exists because they are domiciled in Florida. *Id.* at

---

[1] Neither Flores nor Zavala is a minor, and there is no indication that either defendant is

¶¶ 9, 10; *see Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). The defendants were properly served with process. (Docs. 9, 10). And because they failed to answer, they have admitted all non-frivolous allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6).

Prime filed an amended two-count complaint, asserting it has no duty to defend or indemnify for any claims asserted by Zavala because there is no coverage under the Policy based on the Florida Approved Drivers and Scheduled Drivers Endorsements (Count I) and "Exclusion 19" (Count II). (Doc. 22 at 12, 14). Under Florida law,[2] an insurer's duty to defend "is governed by the terms of the policy and the allegations of the complaint [against the insured]." *Geovera Specialty Ins. Co. v. Hutchins*, 831 F. Supp. 2d 1306, 1311 (M.D. Fla. 2011), *aff'd*, 504 F. App'x 851 (11th Cir. 2013) (citing *Nat'l Union Fire Ins. Co. v. Lenox Liquors, Inc.*, 358 So. 2d 533, 536 (Fla. 1977)). If "the allegations in the complaint alleging a claim against the insured either are acts not covered by the policy or are excluded from the policy's coverage, the insurer is not obligated to defend or indemnify the insured."[3]

---

incompetent. Moreover, Prime has supplied affidavits under the Servicemembers Civil Relief Act, 50 U.S.C.A. § 501 *et seq.*, demonstrating that Flores and Zavala are neither in military service nor otherwise exempt from the entry of default judgment. (Docs. 23-1, 24-1). As such, defendants are not disqualified from having a default judgment entered against them.

[2] In an action based on diversity, the substantive law of the forum state applies. *Southern-Owners Ins. Co. v. Easdon Rhodes & Assocs. LLC*, 872 F.3d 1161, 1164 (11th Cir. 2017).

[3] An insurer's duty to indemnify is narrower and "must be determined by analyzing the policy coverages in light of the actual facts in the underlying case." *Sinni v. Scottsdale Ins. Co.*,

*Transcontinental Ins. Co. v. Ice Sys. of Am., Inc.*, 847 F. Supp. 947, 949-950 (M.D. Fla. 1994) (citations omitted).

### A. No Coverage Exists Under the Florida Approved Drivers or Scheduled Drivers Endorsements (Count I)

Here, the Policy—as modified by the Florida Approved Drivers and Scheduled Drivers Endorsements—affords liability coverage for accidents involving a covered auto used in the course and scope of the named insured's commercial auto operations and operated by an "Approved Driver" or a "Scheduled Driver." The Policy defines an Approved Driver as "a driver who meets the Driver Qualifications at either the start date of this Policy or the hiring date of the driver, whichever is later."[4] Among other qualifications, an Approved Driver must be between 23 and 68 years old. Flores, who was born in August 2002, was 21 years old at the time of the February 2024 accident. Therefore, Flores does not meet the qualifications of an Approved Driver. (Doc. 22 ¶¶ 19, 26-27, 29-32; Doc. 22-2 at 5, 35-36).

With respect to a "Scheduled Driver," this is "a driver or operator specifically identified in a Scheduled Drivers Endorsement." At the time of the accident, Flores was not identified in a Scheduled Drivers Endorsement. Thus, Flores was not a

---

676 F. Supp. 2d 1319, 1323 (M.D. Fla. 2010) (citations omitted). "Accordingly, given that the duty to indemnify is narrower than the duty to defend, the duty to indemnify cannot exist where no duty to defend arises." *Century Sur. Co. v. Radiant Asset Mgmt., Inc.*, No. 8:23-cv-202-CEH-SPF, 2023 WL 7411308, *3 (M.D. Fla. Oct. 5, 2023), *report and recommendation adopted*, 2023 WL 8018866 (Nov. 20, 2023) (citation omitted)).

[4] The Policy provides a list of twelve Driver Qualifications. (Doc. 22-2 at 35-36).

Scheduled Driver. (Doc. 22 ¶¶ 20, 33-34; Doc. 22-2 at 37). Since Flores is neither an approved nor a scheduled driver, the Policy does not provide coverage for claims arising out of the February 2024 accident. Thus, Prime is entitled to a declaratory judgment in its favor as to Count I of the amended complaint. *Cf. Am. Gen. Life Ins. Co. v. Useche*, No. 21-cv-21517, 2021 WL 2184874, *3 (S.D. Fla. May 28, 2021) (granting default judgment for insurer bringing declaratory relief action against non-appearing defendant).

### B.     No Coverage Exists Based on Exclusion 19 (Count II)

The Policy's "Exclusion 19" precludes coverage for "Bodily Injury or Property Damage arising out of the ownership, maintenance or use of a Covered Auto by anyone other than an Insured." (Doc. 22 ¶ 38; Doc. 22-2 at 9). And the Policy defines an "Insured" as either an Approved Driver or a Scheduled Driver who is operating a covered auto in the course and scope of the named insured's commercial auto operations and with the named insured's permission. (Doc. 22 ¶ 39; Doc. 22-2 at 15, 35, 37).

As discussed above, Flores is neither an Approved Driver nor a Scheduled Driver. Thus, he is not an Insured for the purpose of any claims arising out of the February 2024 accident. Prime has therefore pleaded plausible facts showing that coverage for damages arising out of the accident is precluded under Exclusion 19.

As such, Prime is entitled to a declaratory judgment in its favor as to Count II of the amended complaint. *Cf. Am. Gen. Life Ins. Co.*, 2021 WL 2184874 at \*3.

Accordingly, the court should **GRANT** the motion for default judgment (Doc. 31); declare that Prime Property and Casualty Insurance Inc. has no duty to defend or indemnify Oakes Farms, Inc., Fruit Dynamics, LLC, Oakes Farms Transportation, or Adrian Flores; and direct the clerk to enter a declaratory judgment in favor of Plaintiff Property and Casualty Insurance Inc. in all respects.

Recommended on February 4, 2026

NICHOLAS P. MIZELL
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1. **To expedite resolution, parties may file a joint notice waiving the 14-day objection period.**